IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PARTIDA, | No. C 08-03751 CW (PR) |
| Petitioner, | ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE |
| v. | |
| BEN CURRY, Warden, | (Docket no. 7) |
| Respondent. | |

## INTRODUCTION

Petitioner Daniel Partida, a state prisoner incarcerated at the Correctional Training Facility (CTF) at Soledad, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent Ben Curry filed a motion to dismiss for untimeliness.  Petitioner filed an opposition, and Respondent subsequently filed a reply.  Having considered the papers submitted, the Court DENIES Respondent's motion to dismiss.

## PROCEDURAL BACKGROUND

In 1993, Petitioner was convicted of one count of second degree murder.  He was sentenced to a term of fifteen years to life in state prison.  On June 14, 2005, Petitioner appeared before the California Board of Parole Hearings (Board) for his second parole suitability hearing.[1]  The Board found Petitioner unsuitable for parole.  That decision became final on October 12, 2005.

On May 22, 2006, the Board's denial was finalized, and Petitioner filed a state habeas petition in the Los Angeles County

---

[1] The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings.  Cal. Penal Code § 5075(a).

Superior Court challenging the Board's decision. On November 8, 2007, the superior court denied the petition.

On January 6, 2008,[2] Petitioner filed a habeas petition in the California Court of Appeal. (Mot. to Dismiss, Ex. 5 at 6.) The petition was file stamped by the clerk of the appellate court four days later, on January 10, 2008. On January 29, 2008, the appellate court denied the petition. On February 5, 2008, Petitioner filed a habeas petition in the California Supreme Court, and it was denied on April 9, 2008.

On July 31, 2008,[3] Petitioner filed the present federal habeas petition.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (A) the judgment became final after the conclusion of direct review or the

---

[2] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). January 6, 2008 is the date the state petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing. For the purposes of this discussion, the Court deems that the petition was filed on that date.

[3] July 31, 2008 is the date the federal petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing; therefore, it will be deemed filed on that date. See Saffold, 250 F.3d at 1268.

2

time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Id. § 2244(d)(2).

The one-year statute of limitations also applies to habeas petitions that challenge administrative decisions. The Ninth Circuit Court of Appeals held in Shelby v. Bartlett, 391 F.3d 1061 (9th Cir. 2004), that section 2244's one-year time limit applies to all habeas petitions filed by persons in custody pursuant to a state court judgment. In cases challenging administrative decisions, the limitations period is determined by section 2244(d)(1)(D), which states that the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. at 1066 (quoting 28 U.S.C. § 2244(d)(1)(D)). For an administrative decision, such as those by the Board, this typically means the day following notice to the petitioner of the decision. Id.; see also Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003).

3

In this case, the Board's denial became final on October 12, 2005. The limitations period began to run the following day, on October 13, 2005. Accordingly, Petitioner was required to file his federal habeas petition no later than October 13, 2006. See 28 U.S.C. § 2244(d). Therefore, his petition filed on July 31, 2008 -- one year and nine months after the limitations period had expired -- is untimely absent statutory tolling.

The present petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. As noted earlier, AEDPA's one-year limitations period is tolled under § 2244(d)(2) for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 223 (2002). In California, where prisoners generally use the state's original writ system,[4] this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of

---

[4] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the appellate court. Id. If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. Id. at 1006 n.3.

4

the next original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.

Where a petitioner waits months to file a habeas petition in a higher court, a federal court must later determine whether the petitioner "delayed 'unreasonably' in seeking [higher state court] review." Carey, 536 U.S. at 225. If a petitioner delayed unreasonably, the application would no longer have been "pending" during the period at issue. Id. If the state court does not clearly rule on a petitioner's delay, as in the present case, the federal court must evaluate all "relevant considerations" and independently determine whether the delay was "unreasonable." Id. at 226.

The Supreme Court held that a determination of unreasonable delay is particularly difficult to make in California: "The fact that California's timeliness standard is general rather than precise may make it more difficult for federal courts to determine just when a review application . . . comes too late." Id. at 223. The Supreme Court held, however, that California's appellate system could be treated similarly to those in other states, which measure delays "in terms of a determinate time period, such as 30 or 60 days." Evans v. Chavis, 546 U.S. 189, 192 (2006). In other words, "California's 'reasonable time' standard [should] not lead to filing delays substantially longer than those in States with determinate timeliness rules." Id. at 200 (citing Carey, 536 U.S. at 222-23). Based on the Supreme Court's reference to the usual thirty or sixty day periods provided by states with determinate deadlines, a delay of sixty days would likely be reasonable. On

5

the other hand, a longer delay of six months would likely be unreasonable: "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id. at 201.

The language in Evans referred to above -- that most states find thirty to sixty days to be reasonable -- seems to imply that delays are reasonable only if they are of roughly that magnitude, thirty to sixty days. More conclusive is the Supreme Court's statement that in determining whether a delay is reasonable "the [Ninth] Circuit must keep in mind that, in Saffold, we held that timely filings in California fell within the federal tolling provision on the assumption that California law in this respect did not differ significantly from the laws of other states, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." Evans, 546 U.S. at 199-200 (citing Carey, 536 U.S. at 222-23). "California, of course, remains free to tell us if, in this respect, we were wrong." Evans, 546 U.S. at 200.

In the instant case, the limitations period ran for 222 days from the date it started on October 13, 2005 until May 22, 2006, when Petitioner filed his superior court petition. Pursuant to Carey, Petitioner is entitled to statutory tolling of the limitations period for the entire time he was pursuing state collateral relief. The limitations period resumed running on April 9, 2008, the date the California Supreme Court's denial was final, and ran until July 31, 2007, the date his federal petition was deemed filed, which is 113 additional days. A total of 335

days (222 days plus 113 days) had elapsed before Petitioner filed his federal petition. Therefore, if statutory tolling applies, Petitioner's federal petition would be timely because it was filed thirty days (365 days minus 335 days) before the limitations period expired.

However, Respondent argues that the sixty-four day gap between the superior court's denial and the filing of Petitioner's appellate court petition was a period of "unreasonable delay" and that the limitations period should not be tolled for that period. (Mot. to Dismiss at 3.) Respondent's calculation of a sixty-four day gap fails to account for the "mailbox rule" articulated in Saffold; therefore, there was only a sixty-day gap. See supra note 2. Petitioner's delay of sixty days to seek higher state court review could still be considered within the "reasonable" delay of thirty to sixty days articulated in Evans, and he is entitled to statutory tolling during this period.

In sum, Petitioner's federal habeas petition was filed within the one-year limitations period because he is entitled to statutory tolling of the entire period that he was pursuing state collateral relief. As mentioned above, 222 days elapsed between the date on which the Board's parole denial became final and the date on which Petitioner filed his petition in superior court. Further, 113 days elapsed between the date on which the California Supreme Court denied review and the date on which Petitioner filed the instant petition. Thus, a total of 335 days (222 days plus 113 days) can be counted towards the limitations period. Because 335 days is well within the one year statute of limitations period, the present petition is timely.

Accordingly, the Court DENIES Respondent's motion to dismiss the federal petition as untimely.

CONCLUSION

For the foregoing reasons,

1.  Respondent's motion to dismiss the petition (docket no. 7) is DENIED.

2.  Within <u>sixty (60) days</u> of the date of this Order, Respondent shall file an Answer showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.  If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it upon Respondent within <u>thirty (30) days</u> of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision <u>thirty (30) days</u> after the date Petitioner is served with Respondent's Answer.

4.  Petitioner must keep the Court informed of any change of address.

5.  This Order terminates Docket no. 7.

IT IS SO ORDERED.

DATED: 3/12/10

*/s/ Claudia Wilken*

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DANIEL PARTIDA,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-03751 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daniel Partida H-48181
CTF-North
P.O. Box 705
Soledad, CA 93960-0705

Dated: March 12, 2010

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk