UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PARTIDA, | ) No. C 08-03751 CW (PR) |
| Petitioner, | ) ORDER DENYING PETITION FOR A |
| v. | ) WRIT OF HABEAS CORPUS |
| BEN CURRY, Warden, | ) |
| Respondent. | ) |

INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a pro se state prisoner. For the reasons set forth below, the petition is DENIED.

BACKGROUND

In 1993, a Los Angeles County Superior Court jury convicted Petitioner of second degree murder, and he was sentenced to fifteen years to life in state prison. In 2005, the Board of Parole Hearings (Board) found Petitioner unsuitable for parole on grounds that the circumstances of the commitment offense and his criminal history indicate that he "would still pose an

unreasonable risk of danger to society and or a threat to public safety if released from prison."  (Pet., Ex. D (Parole Hearing Transcript) at 84.)  In response to the Board's decision, Petitioner sought, but was denied, relief on state collateral review.  This federal habeas petition followed.  As grounds for federal habeas relief, Petitioner claims that (1) the Board violated his right to due process because there was no reliable or relevant evidence to support the reasons given for denying parole; (2) the Board used an incorrect standard of proof; (3) the Board has a policy of denying parole to life prisoners until they have exceeded the terms set forth in the sentencing guidelines; and (4) the Board's decision violates his rights under the Ex Post Facto Clause.

STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion

2

opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings of the Supreme Court as of the time of the relevant state court decision. Id. at 412.

## DISCUSSION

Petitioner claims that the Board's decision violated his right to due process because it was not based on some reliable and relevant evidence that he currently poses an unreasonable risk to public safety, a requirement under California law. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U. S. 1, 7 (1979). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication -- and federal courts will review the application of those constitutionally required procedures."

3

Swarthout v. Cooke, No. 10-333, slip op. 1 at 4 (U.S. January 24, 2011). The procedures required are "minimal." Id. A prisoner receives adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why." Id. at 4-5. "The Constitution does not require more." Greenholtz, 442 U.S. at 16.

In the instant matter, Petitioner received at least the required amount of process. The record shows that he was allowed to speak at his parole hearing and to contest the evidence against him, that he had received his records in advance, and that he was notified of the reasons parole was denied. Having found that Petitioner received these procedural requirements, this federal habeas court's inquiry is at an end. Cooke, No. 10-333, slip op. at 5. Petitioner's claim that the Board's decision did not comply with California's "some evidence" rule of judicial review is of "no federal concern." Id. at 6.

Petitioner's remaining two claims are without merit. As to the first of these remaining claims, even if the Board used the incorrect standard of proof, this federal habeas court cannot address such an error. This Court is concerned whether Petitioner was afforded the minimal requirements of due process, requirements which the record indicates he was given.

As to the second remaining claim, Petitioner has provided no evidence that, if there was such a policy, the Board was operating under that policy in his case. Even statistical data

4

as to the rate of denial in other prisoners' cases, which Petitioner cites, will not suffice to establish that the Board always denies parole, or that the Board otherwise improperly made its determination in Petitioner's case. See Mosby v. Solis, 243 Fed. Appx. 246, 248 (9th Cir. 2007) (holding statistical denial rate insufficient to establish blanket policy to deny parole); see also Cosio v. Kane, No. C 05-1966 CRB (PR), 2007 WL 518599, at *6 (N.D. Cal.) (holding reliance on statistical data of high percentage of parole denials is not a basis for relief where prisoner received individualized assessment of parole suitability).

Here, there is nothing to suggest, let alone support a finding, that the Board operated under an anti-parole policy in assessing Petitioner's suitability for parole. Rather, after a full hearing, the Board gave a detailed explanation, based on the specific circumstances of Petitioner's case, for its finding that Petitioner was unsuitable for parole. Also, Petitioner's assertion that the Board has a policy to keep persons with indeterminate sentences incarcerated for excessively long periods is not evidenced in the circumstances of his case. By the time of the 2005 hearing, Petitioner had served only twelve years, three years short of his minimum of fifteen years. Furthermore, under Cooke, this federal habeas court may consider only that he received the protections of a hearing and a reasoned decision, protections he undoubtedly received.

Petitioner's contention that alleged changes in parole laws violated his rights under the Ex Post Facto Clause is without merit.  Simply put, as of 2005, the year of the parole determination at issue here, Petitioner had not even served his minimum term of fifteen years, and therefore cannot plausibly be said to have suffered an increase in punishment, the aspect of Ex Post Facto law applicable here.  See Collins v. Youngblood, 497 U.S. 37, 42 (1990) (citing Calder v. Bull, 3 Dall. 386, 390 (1798) (the Ex Post Facto Clause protects a criminal defendant from criminal legislation that effects an increase in punishment, criminalizes conduct that was not previously criminal, requires less or different proof for conviction of an offense than was previously required, or deprives a criminal defendant of any defense available at the time the crime was committed).

Based on the foregoing, the petition is DENIED.

## CONCLUSION

The state court's denial of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel,

529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of Respondent, and close the file.

IT IS SO ORDERED.

DATED: 2/14/2011



CLAUDIA WILKEN
United States District Judge

*(left margin: **United States District Court** For the Northern District of California)*

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PARTIDA, | Case Number: CV08-03751 CW |
|     Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| BEN CURRY et al, | |
|     Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daniel Partida H-48181
CTF-North
P.O. Box 705
Soledad, CA 93960-0705

Dated: February 14, 2011

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk